941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John A. ZETES, Defendant-Appellant,
v.
Edmund M. CUDWORTH, Jr., Third Party Defendant.
 No. 90-2096.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1991.
Decided Aug. 19, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-89-302-N)
 Thomas Scott Carnes, Sykes, Carnes, Bourdon, Ahern & Shapiro, P.C., Virginia Beach, Va., for appellant.
 J. Phillip Krajewski, Assistant United States Attorney, Norfolk, Va., Stran Trout, Small Business Administration, Richmond, Va., (Argued), for appellee; Henry E. Hudson, United States Attorney, Norfolk, Virginia, on brief.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and K.K. HALL and PHILLIPS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Zetes appeals the grant of summary judgment against him in an action by the government on a guaranty agreement made by Zetes in connection with a Small Business Administration (SBA) loan. Without challenging the merits of the court's ruling, he contends only that the court erred by granting summary judgment on the day of trial, without notice that the motion would be heard that day. Concluding that the district court's action did not violate Zetes' procedural rights, we affirm.
 
 
 2
 * In 1981, Zetes and Edmund Cudworth Jr. formed Sea Services Technology Corporation (SST) of which they were the only shareholders, directors, and officers. SST was formed for the purpose of purchasing and operating an oceanographic research vessel, the M/V EASTWARD. SST obtained a $340,000 loan from Virginia National Bank (VNB) to finance purchase of the M/V EASTWARD. SST defaulted on this loan in early 1982.
 
 
 3
 In early April 1982, the SBA approved a 90% guaranty of a new $383,000 loan to SST from VNB which VNB made in late May 1982, on SST's promissory note. In connection with this new loan, Zetes and Cudworth executed a "Small Business Administration Guaranty," which is the subject of this litigation.
 
 
 4
 SST defaulted on the loan in December of 1982. In December 1982, January 1983, and February 1983, SST made interest payments only. In March 1983, SST made no payments. VNB declared the loan to SST to be in default, and accelerated interest and principal due on April 26, 1983 by making demand on SST for full payment. The bank then called on the SBA, which honored its guaranty. SST's promissory note was assigned to the SBA. SST made interest payments to the SBA from December 1983 to May 1984. After May 1984, SST made no further payments.
 
 
 5
 When SST could not fulfill its obligations under the loan agreement, the SBA demanded full payment from guarantors Zetes and Cudworth. In April 1985, the SBA assigned SST's promissory note back to VNB. The bank then filed an action in federal district court against the M/V EASTWARD and SST. As a result of this action, the M/V EASTWARD was sold to the highest bidder at a price of $100,000. The district court then entered a default judgment against the M/V EASTWARD and SST for $460,306.84. The government then brought the present action against Zetes based on his personal guaranty of the loan, as represented by the guaranty agreement.
 
 
 6
 On October 12, 1989, the government filed a motion for summary judgment. Zetes filed a response on November 13, 1989, and the government filed a reply on December 1, 1989. The district court did not rule on this motion until January 8, 1990, the day scheduled for trial, at which time it granted summary judgment to the government.
 
 
 7
 This appeal followed.
 
 II
 
 8
 Zetes argues that the district court violated his procedural rights by deciding the government's summary judgment motion on the day of trial without providing notice that it would then consider and rule on the motion. He also complains that the district court never provided a formal hearing on the motion. He claims that the district court's grant of summary judgment was inconsistent with Fed.R.Civ.P. 56(c) and United States District Court for the Eastern District of Virginia Local Rules of Practice 11(E) and (G).
 
 
 9
 Under Fed.R.Civ.P. 56(c), a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing." The government's summary judgment motion was filed almost three months before the district court decided it. Zetes had the opportunity to, and did, file a written response to the motion. On the day of trial, the district court gave Zetes' counsel the opportunity to respond orally to the government's motion. Considering that we have held that the district court can grant summary judgment without any oral hearing, we cannot conclude that the procedure in the present case violated Rule 56. Langham-Hill Petroleum, Inc. v. Southern Fuels Co., 813 F.2d 1327, 1330 (4th Cir.1987) ("There is no absolute requirement that a ruling on a motion for summary judgment be preceded by a hearing....").
 
 
 10
 Zetes' argument based on local district court rules is equally unavailing. Local Rule 11(E) provides in relevant part:
 
 
 11
 (E) Return Date: Except as otherwise provided by an order of the Court or by the Rules, all motions shall be made returnable to the time obtained from and scheduled by the Court for a hearing thereon....
 
 
 12
 This rule must be read in conjunction with Local Rule 11(K), which states:
 
 
 13
 (K) Determination of Motions Without Oral Hearing: In accordance with Rule 78, Federal Rules of Civil Procedure, the Court may rule upon motions without an oral hearing.
 
 
 14
 As shown by Rule 11(K), the local rules also allow the district court to decide a summary judgment motion without a formal hearing. Local Rule 11(G) provides:
 
 
 15
 (G) Summary Judgment--Time of Filing: A party desiring to file a motion for summary judgment must act with reasonable dispatch. No motion for summary judgment will be considered unless filed within a reasonable time prior to the date of trial, thus permitting a reasonable time for the Court to hear arguments and consider the merits after completion of the briefing schedule specified in Rule 11(F)(1).
 
 
 16
 Here, the government filed its motion almost three months before trial date, and the court had sufficient time to consider the parties' arguments. Nothing in these rules mandates a finding for Zetes.
 
 
 17
 We agree with the Fifth Circuit's holding that the district court may rule on a summary judgment motion even after considerable delay, without giving prior notice of a "date certain" on which it will decide, so long as the non-moving party has had ample opportunity to respond to the motion. Daniels v. Morris, 746 F.2d 271, 275-76 (5th Cir.1984). Here, Zetes did have ample opportunity to present his case, both in his written response to the government's motion and in his oral argument to the district court. Thus, Zetes' procedural rights were not violated by the district court's action. Accordingly, we affirm.
 
 
 18
 AFFIRMED.